KING, HOLMES, PATERNO & SORIANO, LLP
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiff
Grand Bayman Belize, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,

Plaintiff,

vs.

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendant.

CASE NO. 19-CV-7698 ODW(RAOx)
Hon. Otis D. Wright, II
Ctrm 5D (1st St.)

**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with declarations of Rafael Amuchastegui, Dikka Amuchastegui and Stephen D. Rothschild, and statement of genuine disputes of material fact]

Date: August 10, 2020
Time: 1:30 p.m.
Crtrm.: 5D

Action Commenced: May 23, 2019
Trial Date: October 23, 2020

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff Grand Bayman Belize, Ltd. ("plaintiff") respectfully submits the following memorandum of points and authorities in support of its opposition to defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[1] This opposition was due on August 20, 2020. Plaintiff's counsel's calendaring system reflected the date as August 27, 2020, because it calculated the dates in this removed case based on California state rules and had not been changed when the case was removed. Counsel discovered the error as he was finalizing the opposition. Plaintiff is filing an *ex parte* application to continue the hearing date to August 17, 2020. Wells Fargo does not oppose the application.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

A. Procedural History ........ 2

B. Factual Background ........ 2

III. APPLICABLE LAW ........ 3

A. Section 11209 Precluded Acceptance Because RAD Did Not Have an Account with Wells Fargo ........ 3

B. Section 11207(a) Precluded Acceptance Because the Payment Order Referred to an Unidentifiable Beneficiary ........ 5

C. Commercial Code section 11207(b) Does Not Apply Because There Was a Total Disconnect Between "RAD" and the Fraudulent Account Holder's Name ........ 7

D. Evidence that Wells Fargo Had Actual Knowledge of the Mismatch ........ 8

E. Wells Fargo Violated Section 11302(a)(1) by Misdirecting Payment to an Account at a Different Bank than the One the Wire Instructions Identified ........ 9

IV. WELLS FARGO MUST RESTORE THE IMPROPERLY PAID FUNDS TO PLAINTIFF ........ 10

V. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Corfan Banco Asuncion Paraguay v. Ocean Bank*, 714 S.2d (Fla.App. 1998) ........ 4

*Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715 So.2d 967 (Fla.App. 1998), *supra* ........ 7

*New South Federal Savings Bank v. Flatbush Federal Savings and Loan Association of Brooklyn*, 40 UCC Rep.Serv.2d , 2002 WL 31413680 (S.D.N.Y. 2002) ........ 6, 8

*Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*, 2017 WL 6539843 (N.D.CA 2017) ........ 8

*TME Enterprises, Inc. v. Norwest Corp.*, 124 Cal.App.4th 1021 ........ 7, 8

*Venture Recycling Group, Inc. v. JP Morgan Chase and Co.*, 2019 WL 4543104 (C.D.CA 2019) .......... 8

Statutes

31 U.S.C. 5318(h)(2)(b) .......... 9
California Commercial Code section 11207 .......... 4, 5, 6
Florida Statutes section 670.207 .......... 4
Section 11207(a) .......... 5, 7
Section 11207(a) and (b) .......... 6
Section 11207(b) .......... 5, 7, 8

Regulations

31 CFR § 1020.210(b)(5)(ii) .......... 9

Other Authorities

6A Hawkland UCC Series § 4A-207:1 .......... 7
U.C.C. § 4A-207(a) .......... 6, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Wells Fargo's "hear no evil, see no evil, speak no evil" approach ignores its duties under the California Commercial Code and the many obvious red flags that showed that the account to which it paid plaintiff's funds was fraudulent and held my someone other than the named and intended recipient of the payment.

Section 11209(c)[2] prohibited Well Fargo from paying payment orders when "the beneficiary of the payment order does not have an account with the receiving bank." It is undisputed that the beneficiary of the payment order at issue, RAD Architecture, Inc. ("RAD"), had no account at Wells Fargo.

Section 11207(a) prohibited Wells Fargo from paying payment orders when "the name, bank account number, ***or*** other identification of the beneficiary refers to a nonexistent or unidentifiable person or account" (Emphasis added.) The payment order included RAD's name and Florida address (a means of identification specifically contemplated in the official comments to section 11207), neither of which Wells Fargo could have identified because RAD did not have an account at Wells Fargo and because the name and address attached to the account number in the payment order—Julieta Aquino with a Bergan County, New Jersey address--bore no similarity to RAD's name and Florida address.

Cases interpreting section 11207(b) prohibited Wells Fargo from paying payment orders when there is a complete disconnect between the name of the

---

[2] All statutory references in this brief are to the California Commercial Code. The Commercial Code provides the following definitions that will be used throughout this memorandum: "Payment order" means an instruction to pay an amount of money to a beneficiary, assuming certain conditions are met. (§ 11103(a)(1).) "Beneficiary" means the person to be paid. (§ 11103(a)(2).) "Sender" means the person who sent the instruction to the receiving bank. (§ 11103(a)(5).) "Receiving bank" is the bank to which the instruction is addressed. (§ 11103(a)(4).) The "sender" is not necessarily the initiator of a payment order—that is the "originator." (§ 11104(c).)

beneficiary and the name of the recipient account holder. In this case, "RAD Architecture, Inc." and "Julieta Aquino" are completely dissimilar.

Section 11302(a) required Wells Fargo to adhere to the payment order instructions. In this case, Wells Fargo ignored the instructions and sent payment to the New Jersey branch where Ms. Aquino maintained her fraudulent account, instead of, as the payment order instructed, to its San Francisco branch—a separate "bank" for purposes of the Commercial Code.

## II. STATEMENT OF FACTS

### A. Procedural History

Plaintiff filed the instant action in Los Angeles Superior Court on May 23, 2019. Wells Fargo removed the case to this Court on September 5, 2019, based on diversity of citizenship, and on the same date filed its answer generally denying the allegations in the complaint. [DOC 1, which includes the complaint and answer]

The Percipient/Fact Discovery Cutoff herein is August 17, 2020, and the Deadline for Hearing Motions from is August 17, 2020. A two-day bench trial is set for October 23, 2020.

### B. Factual Background

Plaintiff is in the business of developing and operating resort communities. (Declaration of Stephen D. Rothschild ("Rothschild Decl."), ¶ 3.) On October 5, Wells Fargo received a wire transfer order to pay $226,991.45 from plaintiff to RAD Architecture, Inc." at address "117 NW 42 Ave., # CU-2, Miami, FL 33126," with a fraudulent account number, Routing Number 121000248; Account Number 2849073420; identifying the funds as "payment for Architecture Phase (Retainer, Charrette/Concept, Schematic Design) & Disbursements Category (Airfare, Hotel)". Wells Fargo's processing log for plaintiff's payment order lists "RAD ARCHITECTURE, INC.," with its Florida address, as the beneficiary in two separate places. (Declaration of Michelle Swirtz in support of the instant motion ("Swirtz Decl."), ¶ 14 and Ex. 1, pp. WF 0018, 19. [DOC 17-2])

However, documents that Wells Fargo produced reveal the name of the fraudulent account holder as Julieta P. Aquino with an address of "118 N. 1st St." (Rothschild Decl., Ex. 3, pp. WF 003, 012 and 015.) A PeopleMap report reveals that Ms. Aquino's address is 118 N. 1st St. Bergenfield, NJ 07621. (Rothschild Dec., Ex. 4.) Obviously her name and address bear no resemblance to RAD's name and 114 NW 42 Ave, Miami, Florida address. Wells Fargo's processing log also notes a "[p]ossible name mismatch." (Swirtz Decl., Ex. 1, p. WF 0020.)

## III. APPLICABLE LAW

### A. Section 11209 Precluded Acceptance Because RAD Did Not Have an Account with Wells Fargo

Section 11209(c) provides, in pertinent part, as follows:

> Acceptance [of a payment order] does not occur under paragraph (2) or (3) of subdivision (b) [governing when acceptance occurs] ***if the beneficiary does not have an account with the receiving bank*** … .

(Emphasis added.)

In this case, RAD, the beneficiary, did not have an account with Wells Fargo. (Declarations of Rafael Amuchastegui, Dikka Amuchastegui; Rothschild Decl., Ex. 1, Wells Fargo response to request for admission no. 12.) Therefore, Wells Fargo could not have accepted the plaintiff's payment order and acceptance of it and payment to the fraudulent account were wrongful.

Wells Fargo may argue that section 11209 is subject to section 11207(b), which requires a bank to have actual knowledge of a mismatch between the name attached to the payee account and the beneficiary identified in the payment order for the bank to be liable for a wrongful payment. However, nothing in section 11209 suggests that it is subject to section 11207(b) and plaintiff is not aware of any authority that it is. When one section of the Commercial Code is subject to another section, the code so states expressly. See, e.g., section 11402(a) ([t]his section is subject to sections 11205 and 11207").

Wells Fargo also may argue that since an account existed with the number stated on the wire instructions, the "beneficiary of the payment" had an account at Wells Fargo. However, section 11209(c) unambiguously requires the <u>beneficiary of the payment order</u> to hold an account at the bank, not merely that an account exist. Such an argument might have some appeal if the beneficiary's name as reflected on the wire instructions was a variation of the real beneficiary's name, as usually occurs in schemes such as that perpetrated against plaintiff. That is not the case here, because "RAD" bears no similarity to the fraudster's name and where the addresses were in different states.

Wells Fargo may argue that its reading of section 11209 conforms to common practice and that the statute must be read in concert with section 11207, which allows banks to electronically process payment orders and, absent a complete disconnect between name and account number, rely on the account number. That is not a basis to disregard the plain language of the statute. Defendant bank made a similar argument in *Corfan Banco Asuncion Paraguay v. Ocean Bank*, 714 S.2d 967 (Fla.App. 1998). In that case, the payment order identified an account holder, but a correct account holder. Construing Florida Statutes section 670.207, which is substantively identical to California Commercial Code section 11207, the court held as follows:

> Corfan Bank argues that this language is clear and unambiguous, where a name or bank account number, or other identification refers either to a nonexistent or unidentified person or a nonexistent account, the order cannot be accepted. Ocean Bank responds that such a "highly technical" reading of the statute is "contrary to commercial and practical considerations and common sense." ***It suggests that we look to the legislative intent and conclude that the "or" in the statute should be given conjunctive rather than disjunctive effect. We respectfully decline Ocean Bank's invitation to look behind the plain language of the statute and conclude that given its clarity it must be read as written.***

*Id.* at 969 (emphasis added, footnote omitted).

Section 11209 clearly and unambiguously provides that a bank cannot accept

a payment order if the beneficiary does not have an account at the bank. As in the *Corfan* case, there is no basis to look behind the plain language of section 11209 and conclude that it must be read other than as written. In the case at bar, it is undisputed that RAD, the beneficiary of the payment order, had no account at Wells Fargo and, therefore, that payment could not have occurred under section 11209(c).

### B. Section 11207(a) Precluded Acceptance Because the Payment Order Referred to an Unidentifiable Beneficiary

Section 11207(a) provides as follows:

> Subject to subdivision (b), if, in a payment order received by the beneficiary's bank, the ***name***, bank account number, ***or other identification of the beneficiary*** refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur.[3]

(Emphasis added.)

In this case, RAD's name and address referred to an unidentifiable person, because RAD did not have an account at Wells Fargo and its name and address were not those of the fraudulent account holder. The comments to section 11207 expressly contemplate that "other identification" of an account holder includes its

---

[3] Section 11207(b) provides as follows:

> (b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
>
> (1) Except as otherwise provided in subdivision (c), if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.
>
> (2) If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

address. (See Section 11207, comment 2, penultimate paragraph.) There would be no reason for an originator to provide a correct name and address, as plaintiff did in this case, if the bank could ignore them. That is consistent with the payment order forms, which require the payee's address. Obviously, the address would not be required unless it constituted further "identification" to be used by banks processing payment orders. Therefore, Wells Fargo could not accept the payment order and its payment to the fraudulent account holder was wrongful.

Section (a) is not subject to section (b) in this instance because there is no similarity between the name "RAD" and the fraudulent account holder's name, and because RAD's Florida address is not the fraudulent account holder's New Jersey address. See *New South Federal Savings Bank v. Flatbush Federal Savings and Loan Association of Brooklyn,* 40 UCC Rep.Serv.2d 137, 2002 WL 31413680 (S.D.N.Y. 2002) ("[i]n a case where the number identifies an existing account and the name arguably identifies an existing account, subsection (a) should not govern"). "RAD" and its address did not arguably identify an existing account.

The leading commentator on the UCC explains the intersection between Section 11207(a) and (b), as follows:

> The requirements of U.C.C. § 4A-207(a) are stated in the disjunctive. ***Thus, if the beneficiary's name in payment order <u>and</u> the bank account number provide an identifiable or known person but "other identification of the beneficiary" refers to a nonexistent or unidentifiable person or account, U.C.C. § 4A-207(a) is literally applicable.*** The express deference in U.C.C. § 4A-207(a) to U.C.C. § 4A-207(b) does not appear to resolve this conundrum. U.C.C. § 4A-207(b) provides rules only for payment orders in which the beneficiary is identified "by both name and an identifying or bank account number" in the instance in which the name and the number identify different persons.5
>
> It does not appear that this anomaly in U.C.C. § 4A-207(a) was intended; nonetheless, U.C.C. § 4A-207(a) suggests only one preventive mechanism for avoiding this conundrum: the sender should include no "other identification of the beneficiary" which might "refer … to a nonexistent or unidentifiable person or account." Then U.C.C. § 4A-207(a) would be harmonized with U.C.C. §

> 4A-207(b) as long as the name and account number refer to the same identifiable person or account. If they refer to different identifiable persons or accounts, then U.C.C. § 4A-207(b) controls. ***If either the name or account number refers to a nonexistent or unidentifiable person then U.C.C. § 4A-207(a) is again applicable***.

(6A Hawkland UCC Series § 4A-207:1, emphasis added.)

In *Corfan Banco Asuncion Paraguay v. Ocean Bank,* 715 So.2d 967 (Fla.App. 1998), *supra*, the payment request correctly identified the beneficiary but incorrectly identified the beneficiary's account number. Defendant bank argued that reading section 11207(a) in the disjunctive was "highly technical" and "contrary to commercial and practical considerations and common sense," so that it could rely on the correct identification of the beneficiary by name. (*Id.*, at 969.) The court rejected the argument and held that the "plain and ordinary" meaning of the statue requires reading it as disjunctive and that it is that "acceptance of the order could not have occurred" because, although it "correctly identified the beneficiary, it referred to a non-existent account number." (*Id.* at 970.) Wells Fargo would require this Court to read "or" in section 11207(a) in the conjunctive, which is not what is says.

In this case the payment order directed payment to RAD, which it identified by name and address. RAD's name and address referred to an unidentifiable person, because RAD did not have an account at Wells Fargo, the address on the payment order was not associated with the fraudulent account or a Wells Fargo account holder, and RAD's name was completely dissimilar to the fraudulent accountholder's name. Therefore, section 11207(a) precluded acceptance of plaintiff's payment order.

### C. Commercial Code section 11207(b) Does Not Apply Because There Was a Total Disconnect Between "RAD" and the Fraudulent Account Holder's Name

Section 11207(b) shields banks from liability for wrongful payment of wires when the mismatch between the named beneficiary and the name of the holder of a fraudulent account is not obvious. See *TME Enterprises, Inc. v. Norwest Corp.*, 124

Cal.App.4th 1021, 1027 (payment deposited in account of "Vieri Gaines Guadagni" named beneficiary, "Vieri Gaines Guadagni, Trustee fbo McDaniel"); *Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*, 2017 WL 6539843 *1 (N.D.CA 2017) (payment deposited in account of "Grow More of 156000 New Century Drive, Gardena, California 90248," named beneficiary "Grow More, Inc."); *New South Federal Savings Bank v. Flatbush Federal Savings and Loan Association*, 2002 WL 31413680 *2 (S.D.N.Y. 2002) (payment deposited into account of "Femi Gold Ultimate Network," named beneficiary "Femi Gold").

However, banks may not take advantage of the section 11207(b) safe harbor if there is a "complete disconnect between the names." *TME Enterprises, Inc. v. Norwest Corp.*, 124 Cal.App.4th 1021, 1034 (2004). "A 'complete disconnect' is when the designated name and account bear no resemblance to each other and have nothing in common with each other." *Id.*

Wells Fargo will argue that the "complete disconnect" rule applies only when a human processes a payment request, but not where, as Wells Fargo claims here, the transaction was processed electronically. Although the *TME* case involved a manual review, the court did not limit the complete disconnect rule to manual reviews, and plaintiff is not aware of any authority that imposes such a limitation. See also *Venture Recycling Group, Inc. v. JP Morgan Chase and Co.*, 2019 WL 4543104 *5 (C.D.CA 2019) (denying motion to dismiss because, *inter alia*, plaintiff alleged total disconnect between beneficiary's name and name on account to which funds paid).

In this case, the complete disconnect between "RAD" and the account holder's name precludes Wells Fargo from taking refuge under section 11207(b).

**D. Evidence that Wells Fargo Had Actual Knowledge of the Mismatch**

Even if Wells Fargo could take advantage of the section 11207(b) safe harbor, at least two facts show that Wells Fargo had actual knowledge of the mismatch. First, Wells Fargo's processing log reflects a possible mismatch. (Swirtz Decl., Ex.

2, p. WF 0020.) Second, contrary to the wire instructions, which stated that payment was to be directed to Wells Fargo's bank at 420 Montgomery Street in San Francisco, California, Wells Fargo redirected payment to the New Jersey branch were the fraudster maintained her account. That redirection suggests a manual intervention whereby a person would have reviewed the transaction and seen that RAD did not have an account with Wells Fargo and was not the holder of the fraudulent account.

Moreover, Wells Fargo was under a duty under federal anti-fraud and anti-money laundering status to take action in this case. See Under 31 U.S.C. 5318(h)(2)(b), requiring banks to "maintain[] records of the information used to verify a person's identity, including ***name, address, and other identifying information***," 31 CFR § 1020.210(b)(5)(ii), which require banks to implement procedures for "[c]onducting ongoing monitoring to identify and report suspicious transactions." In this case, Wells Fargo failed to comply with that duty by paying a payment order directed to "RAD" in Florida to Ms. Aquino in New Jersey.

### E. Wells Fargo Violated Section 11302(a)(1) by Misdirecting Payment to an Account at a Different Bank than the One the Wire Instructions Identified

Section 11302(a)(1) provides that "[t]he receiving bank is obligated to issue, on the execution date, a payment order complying with the sender's order and to follow the sender's instructions … (ii) the means by which payment orders are to be transmitted in the funds transfer." Section 11105(a)(2) provides that "'Bank'" means a *person* engaged in the business of banking and includes a savings bank, savings and loan association, credit union, and trust company. ***A branch or separate office of a bank is a separate bank for purposes of this division***." (Emphasis added.)

Plaintiff's wire instruction identified "beneficiary's bank" as Wells Fargo Bank, 420 Montgomery Street, San Francisco, California 94104, with a routing number of 121 000 248. (Rothschild Decl., Ex. 5.) Wells Fargo's processing log

also contains an entry reflecting that routing number and identifying it as San Francisco, California. (Swirtz Decl., Ex. 1, p. WF 0019.) Wells Fargo failed to comply with that instruction when it directed payment to the fraudster's bank, Wells Fargo's Bergen County, New Jersey Branch, which, pursuant to section 11105(a)(2), is a different bank. See Swirtz Decl., Ex. 3, p. WF 0170, reflecting routing number 021200025. It also appears that Wells Fargo violated section 11208(a)(1) by obtaining information outside the "four corners" of the wire instructions to identify the beneficiary's bank when it knew that the "person" referred to in the wire instructions as the "receiver" was the San Francisco bank.

## IV. WELLS FARGO MUST RESTORE THE IMPROPERLY PAID FUNDS TO PLAINTIFF

Commercial Code section 11303(c) provides as follows:

> (c) If a receiving bank executes the payment order of the sender by issuing a payment order to a beneficiary different from the beneficiary of the sender's order and the funds transfer is completed on the basis of that error, the sender of the payment order that was erroneously executed and all previous senders in the funds transfer are not obliged to pay the payment orders they issued. …

Pursuant to section 11303(c), Wells Fargo must restore to plaintiff the amount it received in satisfaction of plaintiff's payment order because Wells Fargo paid an incorrect beneficiary.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For each of the foregoing reasons, plaintiff respectfully requests that this Court deny the instant motion, in its entirety.

DATED: July 27, 2020

KING, HOLMES, PATERNO & SORIANO, LLP

By: /s/ *Stephen D. Rothschild*
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff
Grand Bayman Belize

## DECLARATION OF STEPHEN D. ROTHSCHILD

I, Stephen D. Rothschild, declare:

1. I am an attorney admitted to practice before this Court and am a partner of King, Holmes, Paterno & Soriano, LLP, attorneys for plaintiff Grand Bayan Belize, Ltd. ("plaintiff") herein. I have persona knowledge of the matters below and could and would testify competently to them if asked.

2. I make this declaration in support of plaintiff's opposition to the motion of defendant Wells Fargo Bank, NA ("Wells Fargo") for summary judgment.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Wells Fargo's December 23, 2019, responses to plaintiff's first set of requests for admission.

4. Attached hereto as **Exhibit 2** is a true and correct copy of Wells Fargo's December 23, 2019, responses to plaintiff's first set of requests for production. Request number 3 sought account records for the fraudulent account to which Wells Fargo paid in response to plaintiff's payment order at issue herein. Wells Fargo agreed to produce those documents and did so, in redacted form.

5. Attached hereto as **Exhibit 3** are a true and correct copies of documents that Wells Fargo produced to my office in response to plaintiff's first set of requests for production, pages WF 3, 12 and 15, identifying account holder Julieta P. Aquino.

6. Attached hereto as **Exhibit 4** is a true and correct copy of page 2 of Westlaw PeopleMap report dated February 7, 2020, for Julieta P. Aquino, which reflects her address as "118 N 1ST ST, BERGENFIELD, NJ 07621-1811 | BERGEN County."

/ / /

/ / /

/ / /

/ / /

/ / /

7. Attached hereto as **Exhibit 5** is a true and correct copy of plaintiff's October 2, 2018 outgoing wire transfer request, produced herein as P00065.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 27, 2020, at Los Angeles, California.

*/s/ Stephen D. Rothschild*
Stephen D. Rothschild

**DECLARATION OF STEPHEN D. ROTHSCHILD**

I, Stephen D. Rothschild, declare:

1. I am an attorney admitted to practice before this Court and am a partner of King, Holmes, Paterno & Soriano, LLP, attorneys for plaintiff Grand Bayan Belize, Ltd. ("plaintiff") herein. I have persona knowledge of the matters below and could and would testify competently to them if asked.

2. I make this declaration in support of plaintiff's opposition to the motion of defendant Wells Fargo Bank, NA ("Wells Fargo") for summary judgment.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Wells Fargo's December 23, 2019, responses to plaintiff's first set of requests for admission.

4. Attached hereto as **Exhibit 2** is a true and correct copy of Wells Fargo's December 23, 2019, responses to plaintiff's first set of requests for production. Request number 3 sought account records for the fraudulent account to which Wells Fargo paid in response to plaintiff's payment order at issue herein. Wells Fargo agreed to produce those documents and did so, in redacted form.

5. Attached hereto as **Exhibit 3** are a true and correct copies of documents that Wells Fargo produced to my office in response to plaintiff's first set of requests for production, pages WF 3, 12 and 15, identifying account holder Julieta P. Aquino.

6. Attached hereto as **Exhibit 4** is a true and correct copy of page 2 of Westlaw PeopleMap report dated February 7, 2020, for Julieta P. Aquino, which reflects her address as "118 N 1ST ST, BERGENFIELD, NJ 07621-1811 | BERGEN County."

/ / /

/ / /

/ / /

/ / /

/ / /

7. Attached hereto as **Exhibit 5** is a true and correct copy of plaintiff's October 2, 2018 outgoing wire transfer request, produced herein as P00065.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 27, 2020, at Los Angeles, California.

*/s/ Stephen D. Rothschild*
Stephen D. Rothschild

# EXHIBIT 1

LOREN W. COE (State Bar No. 273124)
lwc@severson.com
ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,

Plaintiff,

vs.

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 19-cv-07698 ODW (RAOx)
Hon. Otis D. Wright, II
Ctrm. 5D (1st St.)

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE (1)**

Action Filed: May 23, 2019
Removal Date: September 5, 2019
Trial Date: None Set

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation) ("Defendant") responds to Plaintiff GRAND BAYMAN BELIZE, LTD.'s ("Plaintiff") first set of Requests for Admission as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that, on or about October 2, 2018, Caye International Bank, Ltd. issued an Outgoing Wire Transfer Request to pay the sum of $226,991.45 (the "Funds") from plaintiff's account to a Wells Fargo account held in the name of RAD Architecture, Inc. ("RAD") (the "Wire Request").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, and to the extent Wells Fargo understands the request, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a $226,991.45 wire from Citibank with instructions to pay the wire to Wells Fargo account x3420. The wire instructions further indicated that the intended beneficiary was RAD Architecture, Inc., but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)). Wells Fargo lacks information to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Wire Request identified RAD's address as 11 NW 42 Ave., #CU-2, Miami, FL 33126 ("RAD's Address").

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a wire transfer from Citibank in the amount of $226,991.45 with instructions to pay the wire to Wells Fargo account x3420. The wire instructions further identified RAD's address as 117 NW 42 AVE. CU 2 MIAMI, FL 33126 USA, but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)). Wells Fargo lacks information to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the wire instructions that defendant received to carry out the Wire Request stated RAD's name as the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follow: Wells Fargo admits that the wire instructions it received in connection with the $226,991.45 wire indicated that the intended beneficiary was RAD Architecture, Inc., but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 4:**

Admit that the payment order to carry out the Wire Request (the "Payment Order") stated RAD's name as the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection: vague and ambiguous, particularly to the extent Payment Order is used interchangeably with "wire instructions" and is defined as carrying out the "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follow: Wells Fargo admits that the wire instructions it received in connection with the $226,991.45 wire indicated that the intended beneficiary was RAD Architecture, Inc., but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 5:**

Admit that the instructions that defendant received to carry out the Wire Request stated RAD's Address as the address of the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that the wire instructions it received in connection with the $226,991.45 wire identified RAD's address as 117 NW 42 AVE. CU 2 MIAMI, FL 33126 USA, but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Payment Order stated RAD's Address as the address of the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection: vague and ambiguous, particularly to the terms "Payment Order," which Plaintiff seems to use interchangeably with "wire instructions," and "Wire Request."

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a wire from Citibank in the amount of $226,991.45 with instructions to pay the wire to Wells Fargo account x3420. The wire instructions identified "117 NW 42 AVE. CU 2 MIAMI, FL 33126 USA" as the address of the intended beneficiary, but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 7:**

Admit that Wells Fargo accepted the Payment Order.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection: vague and ambiguous as to the term "Payment Order," which Plaintiff appears to use interchangeably with "wire instructions."

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a wire from Citibank in the amount of $226,991.45 with instructions to pay the wire to Wells Fargo account x3420. Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 8:**

Admit that the name of the holder of the account in which Wells Fargo deposited the Funds (the "Fraudulent Account") bore no similarity to RAD's name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection: third party privacy rights.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that the name of the holder of Wells Fargo account x3420 was different from the name of the beneficiary stated in the instructions received by Wells Fargo for processing the subject wire. However, Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 9:**

Admit that the address of the holder of the Fraudulent Account bore no similarity to the address of the beneficiary stated on the payment order to carry out the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection: vague and ambiguous as to "payment order" and "Wire Request"; third party privacy rights.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that the address of the holder of Wells Fargo account x3420 was different from the address of the beneficiary stated in the instructions received by Wells Fargo for processing the subject wire. However, Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 10:**

Admit Wells Fargo did not verify the beneficiary's address provided with the Wire Instructions matched the address associated with the Fraudulent Account

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection: vague and ambiguous, particularly as to "Wire Instructions," which is capitalized but not defined and seemingly used interchangeably with "Payment Order."

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that Wells Fargo did not verify that the beneficiary's address provided in the wire instructions matched the address of the account holder because Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 11:**

Admit that RAD was not the holder of the Fraudulent Account at any time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admit that the name of the holder of Wells Fargo account x3420 was not RAD Architecture, Inc.

**REQUEST FOR ADMISSION NO. 12:**

Admit that RAD was not a Wells Fargo account holder when Wells Fargo deposited the Funds into the Fraudulent Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Objection: vague and ambiguous as to scope; the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

Subject to and without waiving the foregoing objection, and based on Wells Fargo's understanding that this request asks Wells Fargo to admit that there was no Wells Fargo business checking account in the name of "RAD Architecture, Inc." on October 5, 2018, Wells Fargo responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Wells Fargo did nothing to verify that the holder of the Fraudulent Account was authorized to receive the Funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Wells Fargo did nothing to determine whether the name of the account holder of the Fraudulent Account bore any similarity to RAD's name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Objection: vague and ambiguous.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follows: Admit that Wells Fargo did not verify that the name of the holder of Wells Fargo account x3420 was "RAD Architecture, Inc." because Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 15:**

Admit that Wells Fargo did nothing to determine whether the address of the account holder of the Fraudulent Account was the same as the beneficiary's address on the payment order to implement the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo; duplicative of Request for Admission No. 10.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that Wells Fargo did not verify that the beneficiary's address provided in the wire instructions matched the address of the account holder because Wells Fargo processed the wire: (1) using automated procedures without any human

intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 16:**

Admit that plaintiff notified defendant that the Funds had been paid to an account that did not belong to RAD before the deadline for preserving its claim that Wells Fargo had wrongfully paid the Funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Objection: vague and ambiguous, particularly to the terms "deadline for preserving its claim"; irrelevant because, after Wells Fargo processed the wire using automated procedures based on the valid account number and without actual knowledge of any discrepancies, Wells Fargo had no obligation to attempt to retrieve funds. In fact, Wells Fargo would have been expressly prohibited by Financial Code section 1450 from retrieving/returning the funds to the originator (Plaintiff). See also *Venture General Agency, LLC v. Wells Fargo Bank, N.A.* (N.D. Cal) 2019 U.S.Dist. LEXIS 179291, at *11-12.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follows: Wells Fargo admits that, on November 2, 2018, Wells Fargo learned the funds had been deposited in an account that was not held by RAD.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the account holder to which defendant paid the Wire was not the account holder to which plaintiff wired the Funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Deny.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Fraudulent Account was a personal account of an individual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Fraudulent Account was not a business account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Wells Fargo has no facts suggesting that the holder of the Fraudulent Account was the beneficiary of the payment order to implement the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follows: Deny.

DATED: December 23, 2019

SEVERSON & WERSON
A Professional Corporation

By: [signature]
LOREN W. COE

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation)

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On December 23, 2019, I served true copies of the following document(s): **DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE (1)** on the interested parties in this action as follows:

| | |
|---|---|
| Howard E. King, Esq.<br>Stephen D. Rothschild, Esq.<br>KING, HOLMES, PATERNO & SORIANO, LLP<br>1900 Avenue of the Stars, 25th Fl.<br>Los Angeles, CA 90067-4506 | Attorneys for Plaintiff GRAND BAYMAN BELIZE, LTD.<br><br>Telephone: (310) 282-8989<br>Facsimile: (310) 282-8903<br>Email: srothschild@khpslaw.com |

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL: By agreement of the parties or by court order**, I caused a copy of the document(s) to be sent from e-mail address lwc@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2019, at Irvine, California.

LOREN W. COE

# EXHIBIT 2

LOREN W. COE (State Bar No. 273124)
lwc@severson.com
ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as
Wells Fargo & Company, a Delaware corporation)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

| | |
|---|---|
| GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 19-cv-07698 ODW (RAOx)<br>Hon. Otis D. Wright, II<br>Ctrm. 5D (1st St.)<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE (1)**<br><br>Action Filed: May 23, 2019<br>Removal Date: September 5, 2019<br>Trial Date: None Set |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation) ("Defendant") responds to Plaintiff GRAND BAYMAN BELIZE, LTD.'s ("Plaintiff") first set of Requests for Production as follows:

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All policies, procedures, manuals, instructions, memoranda, or other documents that set forth Wells Fargo's policies and procedures for processing payment orders including, but not limited to, for depositing funds in Wells Fargo accounts pursuant to such instructions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection: vague and ambiguous to the extent it is unclear if Plaintiff seeks policies and procedures concerning incoming and/or outgoing wires. For the same reason, to the extend Plaintiff requests all documents relating to procedures (including training manuals) for wiring funds from Wells Fargo customer accounts—rather than procedures relating to the receipt and processing of wires to Wells Fargo accounts, the request is overbroad and unduly burdensome and not relevant to any party's claim or defense, or proportional to the needs of the case (Fed. R. Civ. P. 26(b)). The request is also unlimited in time and scope.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive policies and procedures (from the relevant timeframe and relating to the receipt/processing of wire transfer orders) in its possession, custody or control subject to the parties entering into a protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All policies, procedures, manuals, instructions, memoranda, or other documents that set forth Wells Fargo's policies and procedures for confirming the

identities of persons who open individual checking or savings accounts at Wells Fargo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection: overbroad and unduly burdensome as to time and scope, making the request harassive; the information sought, which relates to the opening of Wells Fargo accounts rather than the processing of wire transfer orders, is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

**REQUEST FOR PRODUCTION NO. 3:**

All Writings, including, but not limited to, all electronic records, signature cards, account applications, account records, emails, correspondence, ledgers, account or other financial statements, cancelled checks, wire instructions, records of reserves, memoranda, interviews, witness statements, statements of employees, and all other documents that refer or relate to the Fraudulent Account or, if that is not the account to which Wells Fargo deposited the Funds, the account to which Wells Fargo did deposit the funds. (For purposes of these requests, (a)"Writing" includes all "writings," "recordings," "photographs," "originals" and "duplicates" as those terms are defined in Fed.R.Evid. 1001; (b) "Funds" means the funds referenced in the October 2, 2018, Caye International Bank, Ltd. Outgoing Wire Transfer Request to pay the sum of $226,991 from plaintiff's account to a Wells Fargo account held in the name of RAD Architecture, Inc.; and (c) the "Fraudulent Account" means Wells Fargo account number 201800156776.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection: vague and ambiguous, particularly to the definition of "Fraudulent Account" because the funds were deposited into Wells Fargo account x3420, not account number 201800156776; overbroad and unduly burdensome, making the request harassive; compound; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P.

26(b)); potentially invades the attorney-client privilege and/or work product doctrine; the account holder has objected to the disclosure of his/her personal and/or financial information, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Writings that Wells Fargo generated, sent, received or came into possession of that relate or refer to any investigations or inquiries it conducted concerning the Wire Request, the Wire Instructions, the Payment Order, the Funds, the Fraudulent Account, the holder of the Fraudulent Account, or plaintiff. (For purposes of these requests, (a) the "Wire Request" means the October 2, 2018, Caye International Bank, Ltd. Outgoing Wire Transfer Request to pay the sum of $226,991 from plaintiff's account to a Wells Fargo account held in the name of RAD Architecture, Inc.; (b) the "Wire Instructions" mean the form, document, or other electronic information that Wells Fargo received to implement the Wire Request; (c) the "Payment Order" means the payment order pursuant to which Wells Fargo deposited the Funds into the Fraudulent Account, and (d) the "Funds" means the funds referenced in the Wire Request, the Wire Instructions and the Payment Order.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection: vague and ambiguous, particularly as to the terms Fraudulent Account, Wire Request, Wire Instructions, and Payment Order; overbroad and unduly burdensome, making the request harassive; compound; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)); potentially invades the attorney-client privilege and/or work product doctrine; the account holder has objected to the disclosure of his/her personal and/or financial information, precluding Wells Fargo from producing

such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658). To the extent this interrogatory seeks information or documents that Wells Fargo is absolutely prohibited from producing under 31 U.S.C. § 5318(g), 31 C.F.R. § 1020.320(e), 12 C.F.R. § 21.11(k), including whether or not it filed a Suspicious Activity Report (SAR), Wells Fargo objects and declines to produce any such information or documents and declines to state whether or not any such information or documents exists.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: a diligent search and reasonable inquiry has been made in an effort to locate the item requested, but Wells Fargo is unable to comply because the document never existed.

**REQUEST FOR PRODUCTION NO. 5:**

All Writings that refer or relate to the Wire Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection: vague and ambiguous, particularly as to the term Wire Request.

Subject to and without waiving the foregoing instructions, and based on Wells Fargo's understanding that "Wire Request" refers to Plaintiff's instructions provided to its bank, Wells Fargo responds as follows: Wells Fargo does not have any responsive documents in its possession, custody or control because the "Wire Request" was not directed to Wells Fargo.

**REQUEST FOR PRODUCTION NO. 6:**

All Writings that refer or relate to the Wire Instructions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection: vague and ambiguous, particularly as to the term Wire Instructions; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 7:**

All Writings that refer or relate to the Payment Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection: vague and ambiguous, particularly as to the terms Payment Order; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 8:**

All Writings that refer or relate to the Funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection: vague and ambiguous; overbroad and unduly burdensome, making the request harassive; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

All Writings that refer or relate to the holder of the Fraudulent Account.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Objection: vague and ambiguous; overbroad and unduly burdensome as to time and scope, making the request harassive; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All Writings that refer or relate to RAD Architecture, Inc.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

Objection: overbroad as to time and scope (the request is not limited to the wire transfer in question or a particular account); vague and ambiguous; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, and based on Wells Fargo's understanding that the request seeks documents relating to the subject wire

transfer, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

All Writings that refer or relate to plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection: overbroad as to time and scope (the request is not limited to the wire transfer in question or a particular account); vague and ambiguous; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, and based on Wells Fargo's understanding that the request seeks documents relating to the subject wire transfer, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 12:**

All Writings that Wells Fargo contends show that it is not responsible to determine whether the name of the holder of accounts in which it deposits funds pursuant to a payment order bears any similarity to the name of the beneficiaries stated in the payment order or in any wire request or instructions associated with it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection: calls for legal analysis and legal conclusion; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce documents establishing that it processed the wire using automated procedures, without any human intervention, based on the Wells Fargo account number identified and without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR PRODUCTION NO. 13:**

All Writings that Wells Fargo contends show that it is not responsible to determine whether the account to which it is depositing funds pursuant to a payment order does not share an identical address as what may be provided with wire instructions or a payment order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection: calls for legal analysis and legal conclusion; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce documents establishing that it processed the wire using automated procedures without any human intervention based on the Wells Fargo account number identified and without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR PRODUCTION NO. 14:**

All Writings that Wells Fargo contends show that it is not responsible to determine whether the account to which it is depositing funds pursuant to a payment order is held by the beneficiary identified in the payment order or the wire instructions or request associated with it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection: calls for legal analysis and legal conclusion; duplicative of Request for Production No. 12; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce documents establishing that it processed the wire using automated procedures without any human intervention based on the Wells Fargo account number identified and without actual knowledge of

a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR PRODUCTION NO. 15:**

All Writings not otherwise responsive to these requests that refer or relate to the Wire Request, the Wire Instructions, the Payment Order, the Funds, the Fraudulent Account, or the holder of the Fraudulent Account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection: vague and ambiguous, particularly as to the terms Wire Request, Wire Instructions, and Payment Order; overbroad and unduly burdensome, making the request harassive; compound; violates third party privacy rights; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)); potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All Writings that identify circumstances under which Wells Fargo policies or procedures dictate that it refuse to honor a payment order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection: overbroad as to time and scope; vague and ambiguous; the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)); potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents for the relevant time period in its possession, custody or control subject to the parties entering into a protective order.

**<u>REQUEST FOR PRODUCTION NO. 17</u>:**

All Writings that support Wells Fargo's responses to plaintiffs first set of interrogatories.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 18</u>:**

All Writings that contain information that Wells Fargo reviewed to respond to plaintiff's first set of interrogatories.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 19</u>:**

All Writings that Wells Fargo contends support its denial of the allegations in plaintiffs complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 20</u>:**

If Wells Fargo's responses to any of the requests for admission served herewith is anything but an unqualified admission, all Writings that support such responses.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20</u>:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 21</u>:**

All Writings that Wells Fargo contends support the denial in its answer to plaintiffs complaint that Plaintiff has been damaged in the amounts alleged, or in any other amount or amounts, or at all, by reason of any act or omission on the part of Defendant, or any of its agents, servants, or employees.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 22:**

All Writings that Wells Fargo contends support its first affirmative defense that "[p]laintiff, by reason of its knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 23:**

All Writings that Wells Fargo contends support its second affirmative defense, that "[a]ny and all activities of Defendant alleged in the Complaint were conducted with Plaintiffs consent, and Defendant is therefore free from actionable fault."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 24:**

All Writings that Wells Fargo contends support its third affirmative defense, that "[e]ach of the acts attributed to Defendant, as alleged by Plaintiff in the Complaint, was acquiesced in and/or ratified by, participated in and/or consented to by Plaintiff and/or its agents."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 25:**

All Writings that Wells Fargo contends support its fourth affirmative defense, that "[p]laintiff is at fault with respect to the matters alleged in the Complaint, and Plaintiffs recovery, if any, should be barred or reduced in proportion to their comparative fault."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 26:**

All Writings that Wells Fargo contends support its fifth affirmative defense, that "[i]f Plaintiff was damaged, the damage was caused, in part or in whole, by the acts or omissions of independent third parties, not Defendant."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 27:**

All Writings that Wells Fargo contends support its sixth affirmative defense, that "[p]laintiffs causes of action, or some of them, are displaced by the Uniform Commercial Code."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or

financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 28:**

All Writings that Wells Fargo contends support its seventh affirmative defense, that "[p]laintiff assumed the risk of the matters referred to in the Complaint, that Plaintiff knew and appreciated the nature of the risk, and that Plaintiff voluntarily accepted the risk."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 29:**

All Writings that Wells Fargo contends support its eighth affirmative defense, that "[d]efendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit, including, but not limited to Cal. U. Com. Code§ 11207(b), preclude its liability to Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or

financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 30:**

All Writings that Wells Fargo contends support its ninth affirmative defense, that "[p]laintiff assumed the risk of the matters referred to in the Complaint, that Plaintiff knew and appreciated the nature of the risk, and that Plaintiff voluntarily accepted the risk."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 31:**

All Writings that support any affirmative defense that Wells Fargo intends to assert but did not identify in its answer to the complaint, as stated in its tenth affirmative defense.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection: vague and ambiguous.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo is not aware of any responsive documents supporting affirmative defenses that have not yet been asserted.

DATED: December 23, 2019

SEVERSON & WERSON
A Professional Corporation

By: ______________________
LOREN W. COE

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation)

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On December 23, 2019, I served true copies of the following document(s): **DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE (1)** on the interested parties in this action as follows:

| | |
|---|---|
| Howard E. King, Esq.<br>Stephen D. Rothschild, Esq.<br>KING, HOLMES, PATERNO & SORIANO, LLP<br>1900 Avenue of the Stars, 25th Fl.<br>Los Angeles, CA 90067-4506 | Attorneys for Plaintiff GRAND BAYMAN BELIZE, LTD.<br><br>Telephone: (310) 282-8989<br>Facsimile: (310) 282-8903<br>Email: srothschild@khpslaw.com |

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL: By agreement of the parties or by court order**, I caused a copy of the document(s) to be sent from e-mail address lwc@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2019, at Irvine, California.

LOREN W. COE

# EXHIBIT 3

## Customer 1 Information

Customer Name: [redacted]

Customer Number (ECN): [redacted]

Account Relationship: Sole Owner

Taxpayer Identification Number (TIN): [redacted]

TIN Type: SSN

Date of Birth: [redacted]

Primary ID Type: [redacted]

Primary ID Description: [redacted]

Primary ID St/Ctry/Prov: [redacted]

Primary ID Issue Date: [redacted]

Primary ID Expiration Date: [redacted]

Secondary ID Type: [redacted]

Secondary ID Description: [redacted]

Secondary ID State/Country:

Secondary ID Issue Date:

Secondary ID Expiration Date:

Home Phone: [redacted]

Business Phone:

Current Employer: [redacted]

Check Reporting: [redacted]

Customer Status: Customer present

Street Address: 118 N 1ST ST

Address Line 2:

Address Line 3:

City: [redacted]

State: [redacted]

ZIP/Postal Code: [redacted]

Country: [redacted]

Time at this address: Year(s) Month(s)

Directional Address:
*(Document when no physical residence, business or alternate street address.)*

Previous Street Address:

City:

State:

ZIP/Postal Code:

Country:

Time at this address: Year(s) Month(s)

Country of Citizenship: US

## Customer Signatures

Everything I have stated in this application is correct. You are authorized to make any inquiries that you consider appropriate to determine if you should open or maintain the account. This may include ordering a credit report or other report (i.e. information from any motor vehicle department or other state agency) on me. **I have received a copy of the applicable account agreement and the privacy policy (each may be amended from time to time) and agree to be bound by their terms.** I also agree to the terms of the dispute resolution program described in the foregoing agreements. **Under the dispute resolution program, our disputes will be decided before one or more neutral persons in an arbitration proceeding and not by a jury trial or a trial before a judge.**

Customer 1 Name: [redacted]

Customer 1 Signature: [redacted]

☐ Submit manually
☐ Signature not required

Date: 08/10/2018

[redacted]

DSG8921 (2-18 SVP )



**GRAND BAYMAN - WF 0003**

# Wells Fargo Everyday Checking

Account number: [redacted]3420 ■ October 11, 2018 - November 9, 2018 ■ Page 1 of 3

WELLS FARGO

[redacted]

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-TO-WELLS** (1-800-869-3557)

*TTY:* 1-800-877-4833
*En español:* 1-877-727-2932
華語 1-800-288-2288 *(6 am to 7 pm PT, M-F)*

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (347)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.*

| | | | |
|---|---|---|---|
| Online Banking | ☑ | Direct Deposit | ☐ |
| Online Bill Pay | ☐ | Auto Transfer/Payment | ☐ |
| Online Statements | ☑ | Overdraft Protection | ☐ |
| Mobile Banking | ☑ | Debit Card | |
| My Spending Report | ☑ | Overdraft Service | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 10/11 | [redacted] |
| Deposits/Additions | |
| Withdrawals/Subtractions | |
| **Closing balance on 10/17** | **$0.00** |

Account number: [redacted]3420
**JULIETA P AQUINO**
*New Jersey account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN): [redacted]

**Overdraft Protection**
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

# Wells Fargo Everyday Checking

Account number: [redacted]3420 ■ September 13, 2018 - October 10, 2018 ■ Page 1 of 3

WELLS FARGO

[redacted]

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-TO-WELLS** (1-800-869-3557)

*TTY:* 1-800-877-4833
*En español:* 1-877-727-2932
華語 1-800-288-2288 *(6 am to 7 pm PT, M-F)*

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (347)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.*

| | | | |
|---|---|---|---|
| Online Banking | ☑ | Direct Deposit | ☐ |
| Online Bill Pay | ☐ | Auto Transfer/Payment | ☐ |
| Online Statements | ☑ | Overdraft Protection | ☐ |
| Mobile Banking | ☑ | Debit Card | |
| My Spending Report | ☑ | Overdraft Service | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 9/13 | [redacted] |
| Deposits/Additions | |
| Withdrawals/Subtractions | |
| **Ending balance on 10/10** | [redacted] |

Account number: [redacted]3420
**JULIETA P AQUINO**
*New Jersey account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN): [redacted]

**Overdraft Protection**
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

**GRAND BAYMAN - WF 0015**

# EXHIBIT 4

No Documents Were Found In These Sources

Permissible Uses and FCRA Disclaimer
Permissible Uses

## Possible People Information

**Person Overview**

**JULIETA P AQUINO**

118 N 1ST ST
BERGENFIELD, NJ 07621-1811 | BERGEN County

**Phone Number(s):**
201-387-1660
201-384-1925
201-289-7515

**SSN:**
132-82-XXXX - issued in NY in 1994-1996

**DOB:**
06/XX/1971 (Age: 48)

**Spouse/Close Association:**
GUILLERMA




**Date of Birth Summary**

| Date of Birth | Source |
|---|---|
| 02/1971 (Age: 48) | Experian Credit Header Real Time \| People Find \| People Historical \| People Household #1 \| People Household #2 \| People Household #3 \| People Household #4 \| People Household #5 \| People Household #6 |
| 06/XX/1971 (Age: 48) | Experian Credit Header \| Experian Credit Header Real Time |

**SSN Summary**

| SSN | Source |
|---|---|
| 132-82-XXXX - issued in NY in 1994-1996 | Equifax Credit Header \| Experian Credit Header \| Experian Credit Header Real Time \| People Find #1 \| People Find #2 \| People Historical \| Utility #1 \| Utility #2 \| Utility #3 \| Utility #4 \| Utility #5 |

**Name Variations**

| Name | Source |
|---|---|
| JULIETA AQUINO | Experian Credit Header \| Experian Credit Header Real Time \| Liens and |


The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

# EXHIBIT 5

CAYE International Bank Ltd.

2373 28 + 116 245,491 45 ok!

# Outgoing Wire Transfer Request

| Day | Month | Year |
|---|---|---|
| 2nd | October | 2018 |

**50. Ordering Customer Information**

Account Number and Currency*: 12682 USD

Account Name*: Grand Bayman Belize, Ltd.-Oceanfront

Indemnity Password/Authorized Code*:

Telephone Number*: (501) 226-3569

Authorized Signature/(s)*: [signature]

**Payment Information**

Ordering amount & currency*: $226,991.45 USD

**If sending funds other than the currency of the ordering account, please check here to authorize conversion:**

☐ Please convert funds from my account and send the ordering amount and currency as stated above.

**WIRE INSTRUCTIONS:**

**Beneficiary Bank Information**

SWIFT Code/ABA/Routing*: Swift: WFBIUS6S Routing #: 121 000248

Bank Name*: Wells Fargo Bank

Physical Address*: 420 Montgomery Street

City & State*: San Francisco, California 94104 Country*: USA

**Beneficiary Customer Information**

Account Number*: Account #: 28490 73420

Account Name & Date of Birth if Personal Account*: RAD Architecture, Inc.

Physical/Operating Address (No P.O. Box)*: 117 NW 42 Ave., #CU-2

City & State*: Miami, FL 33126 Country*: USA

**Reason for Payment*** Funds represent payment for Architecture Phase (Retainer, Charrette/Concept, Schematic Design) & Disbursements Category (Airfare, Hotel, Meal, Taxi)

**Intermediary Bank Information (if applicable)**

SWIFT Code/ABA/ Routing:

Bank Name:

Physical Address:

City & State: Country:

COMPLIANCE APPROVED

Note:

1. All sections indicated by asterisk (*) are required for wire transfer request to be processed.
2. All wire transfers requests received by Caye International Bank, Ltd. before 2pm EST will be processed the same day. If received after 2pm EST it will be processed the following business day.
3. Kindly allow 2 to 5 business days for funds to be credited to beneficiary account.

October 3, 2018

03/10/18

GB RAD Architecture