KING, HOLMES, PATERNO & SORIANO, LLP
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiff
Grand Baymen Belize

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,

Plaintiff,

vs.

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendant.

CASE NO. 19-CV-7698 ODW(RAOx)
Hon. Otis D. Wright, II
Ctrm 5D (1st St.)

**DECLARATIONS OF RAFAEL AMUCHASTEGUI, DIKKA AMUCHASTEGUI AND STEPHEN D. ROTHSCHILD**

[Filed concurrently with Plaintiff's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities; Statement of Genuine Disputes of Material Fact]

Date: August 10, 2020
Time: 1:30 p.m.
Crtrm.: 5D

Action Commenced: May 23, 2019
Trial Date: October 23, 2020

# DECLARATION OF RAFAEL AMUCHASTEGUI

I, Rafael Amuchastegui, declare as follows:

1. I am an adult over the age of eighteen and am a Principal of RAD Architecture, Inc., ("RAD") and I held that position throughout 2018. I have personal knowledge of the matters below and could and would testify competently to them if asked.

2. In my capacity as a Principal of RAD, I am fully aware of the banking arrangements and accounts held and maintained by RAD, RAD's business operations, and RAD's corporate structure.

3. RAD is and throughout 2018 was a corporation organized and existing under the laws of the State of Florida.

4. RAD's 's address, and the address used for all banking purposes, is and in 2018 was 117 N.W. 42nd Avenue, Suite CU2, Miami, Florida, 33126.

5. RAD has never opened, held, or maintained an account at Wells Fargo Bank, N.A.

6. RAD never held or maintained an account identified by number 28490 73420.

7. RAD has never requested, received or authorized any payment from or on behalf of Grand Bayman Belize, Ltd. at any account maintained at Wells Fargo Bank, N.A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 8, 2019, at MIAMI, DADE, Florida.

[signature]

Rafael Amuchastegui

**DECLARATION OF DIKKA AMUCHASTEGUI**

I, Dikka Amuchastegui, declare as follows:

1. I am an adult over the age of eighteen and am Director of RAD Architecture, Inc., ("RAD") and I held that position throughout 2018. I have personal knowledge of the matters below and could and would testify competently to them if asked.

2. In my capacity as a Director of RAD, I am fully aware of the banking arrangements and accounts held and maintained by RAD, RAD's business operations, and RAD's corporate structure.

3. RAD is and throughout 2018 was a corporation organized and existing under the laws of the State of Florida.

4. RAD's 's address, and the address used for all banking purposes, is and in 2018 was 117 N.W. 42nd Avenue, Suite CU2, Miami, Florida, 33126.

5. RAD has never opened, held, or maintained an account at Wells Fargo Bank, N.A.

6. RAD never held or maintained an account identified by number 28490 73420.

7. RAD has never requested, received or authorized any payment from or on behalf of Grand Bayman Belize, Ltd. at any account maintained at Wells Fargo Bank, N.A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 8, 2019, at Miami, Dade, Florida.

[signature]

Dikka Amuchastegui

**DECLARATION OF STEPHEN D. ROTHSCHILD**

I, Stephen D. Rothschild, declare:

1. I am an attorney admitted to practice before this Court and am a partner of King, Holmes, Paterno & Soriano, LLP, attorneys for plaintiff Grand Bayan Belize, Ltd. ("plaintiff") herein. I have persona knowledge of the matters below and could and would testify competently to them if asked.

2. I make this declaration in support of plaintiff's opposition to the motion of defendant Wells Fargo Bank, NA ("Wells Fargo") for summary judgment.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Wells Fargo's December 23, 2019, responses to plaintiff's first set of requests for admission.

4. Attached hereto as **Exhibit 2** is a true and correct copy of Wells Fargo's December 23, 2019, responses to plaintiff's first set of requests for production. Request number 3 sought account records for the fraudulent account to which Wells Fargo paid in response to plaintiff's payment order at issue herein. Wells Fargo agreed to produce those documents and did so, in redacted form.

5. Attached hereto as **Exhibit 3** are a true and correct copies of documents that Wells Fargo produced to my office in response to plaintiff's first set of requests for production, pages WF 3, 12 and 15, identifying account holder Julieta P. Aquino.

6. Attached hereto as **Exhibit 4** is a true and correct copy of page 2 of Westlaw PeopleMap report dated February 7, 2020, for Julieta P. Aquino, which reflects her address as "118 N 1ST ST, BERGENFIELD, NJ 07621-1811 | BERGEN County."

/ / /

/ / /

/ / /

/ / /

/ / /

7. Attached hereto as **Exhibit 5** is a true and correct copy of plaintiff's October 2, 2018 outgoing wire transfer request, produced herein as P00065.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 27, 2020, at Los Angeles, California.

*/s/ Stephen D. Rothschild*
Stephen D. Rothschild

# EXHIBIT 1

LOREN W. COE (State Bar No. 273124)
lwc@severson.com
ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as
Wells Fargo & Company, a Delaware corporation)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,

Plaintiff,

vs.

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 19-cv-07698 ODW (RAOx)
Hon. Otis D. Wright, II
Ctrm. 5D (1st St.)

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE (1)**

Action Filed: May 23, 2019
Removal Date: September 5, 2019
Trial Date: None Set

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation) ("Defendant") responds to Plaintiff GRAND BAYMAN BELIZE, LTD.'s ("Plaintiff") first set of Requests for Admission as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that, on or about October 2, 2018, Caye International Bank, Ltd. issued an Outgoing Wire Transfer Request to pay the sum of $226,991.45 (the "Funds") from plaintiff's account to a Wells Fargo account held in the name of RAD Architecture, Inc. ("RAD") (the "Wire Request").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, and to the extent Wells Fargo understands the request, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a $226,991.45 wire from Citibank with instructions to pay the wire to Wells Fargo account x3420. The wire instructions further indicated that the intended beneficiary was RAD Architecture, Inc., but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)). Wells Fargo lacks information to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Wire Request identified RAD's address as 11 NW 42 Ave., #CU-2, Miami, FL 33126 ("RAD's Address").

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a wire transfer from Citibank in the amount of $226,991.45 with instructions to pay the wire to Wells Fargo account x3420. The wire instructions further identified RAD's address as 117 NW 42 AVE. CU 2 MIAMI, FL 33126 USA, but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)). Wells Fargo lacks information to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the wire instructions that defendant received to carry out the Wire Request stated RAD's name as the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follow: Wells Fargo admits that the wire instructions it received in connection with the $226,991.45 wire indicated that the intended beneficiary was RAD Architecture, Inc., but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 4:**

Admit that the payment order to carry out the Wire Request (the "Payment Order") stated RAD's name as the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection: vague and ambiguous, particularly to the extent Payment Order is used interchangeably with "wire instructions" and is defined as carrying out the "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follow: Wells Fargo admits that the wire instructions it received in connection with the $226,991.45 wire indicated that the intended beneficiary was RAD Architecture, Inc., but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 5:**

Admit that the instructions that defendant received to carry out the Wire Request stated RAD's Address as the address of the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that the wire instructions it received in connection with the $226,991.45 wire identified RAD's address as 117 NW 42 AVE. CU 2 MIAMI, FL 33126 USA, but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Payment Order stated RAD's Address as the address of the beneficiary of the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection: vague and ambiguous, particularly to the terms "Payment Order," which Plaintiff seems to use interchangeably with "wire instructions," and "Wire Request."

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a wire from Citibank in the amount of $226,991.45 with instructions to pay the wire to Wells Fargo account x3420. The wire instructions identified "117 NW 42 AVE. CU 2 MIAMI, FL 33126 USA" as the address of the intended beneficiary, but Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 7:**

Admit that Wells Fargo accepted the Payment Order.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection: vague and ambiguous as to the term "Payment Order," which Plaintiff appears to use interchangeably with "wire instructions."

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Wells Fargo admits that, on October 5, 2018, it received a wire from Citibank in the amount of $226,991.45 with instructions to pay the wire to Wells Fargo account x3420. Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 8:**

Admit that the name of the holder of the account in which Wells Fargo deposited the Funds (the "Fraudulent Account") bore no similarity to RAD's name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection: third party privacy rights.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that the name of the holder of Wells Fargo account x3420 was different from the name of the beneficiary stated in the instructions received by Wells Fargo for processing the subject wire. However, Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 9:**

Admit that the address of the holder of the Fraudulent Account bore no similarity to the address of the beneficiary stated on the payment order to carry out the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection: vague and ambiguous as to "payment order" and "Wire Request"; third party privacy rights.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that the address of the holder of Wells Fargo account x3420 was different from the address of the beneficiary stated in the instructions received by Wells Fargo for processing the subject wire. However, Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 10:**

Admit Wells Fargo did not verify the beneficiary's address provided with the Wire Instructions matched the address associated with the Fraudulent Account

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection: vague and ambiguous, particularly as to "Wire Instructions," which is capitalized but not defined and seemingly used interchangeably with "Payment Order."

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that Wells Fargo did not verify that the beneficiary's address provided in the wire instructions matched the address of the account holder because Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 11:**

Admit that RAD was not the holder of the Fraudulent Account at any time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admit that the name of the holder of Wells Fargo account x3420 was not RAD Architecture, Inc.

**REQUEST FOR ADMISSION NO. 12:**

Admit that RAD was not a Wells Fargo account holder when Wells Fargo deposited the Funds into the Fraudulent Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Objection: vague and ambiguous as to scope; the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

Subject to and without waiving the foregoing objection, and based on Wells Fargo's understanding that this request asks Wells Fargo to admit that there was no Wells Fargo business checking account in the name of "RAD Architecture, Inc." on October 5, 2018, Wells Fargo responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Wells Fargo did nothing to verify that the holder of the Fraudulent Account was authorized to receive the Funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Wells Fargo did nothing to determine whether the name of the account holder of the Fraudulent Account bore any similarity to RAD's name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Objection: vague and ambiguous.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follows: Admit that Wells Fargo did not verify that the name of the holder of Wells Fargo account x3420 was "RAD Architecture, Inc." because Wells Fargo processed the wire: (1) using automated procedures without any human intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 15:**

Admit that Wells Fargo did nothing to determine whether the address of the account holder of the Fraudulent Account was the same as the beneficiary's address on the payment order to implement the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo; duplicative of Request for Admission No. 10.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follow: Admit that Wells Fargo did not verify that the beneficiary's address provided in the wire instructions matched the address of the account holder because Wells Fargo processed the wire: (1) using automated procedures without any human

intervention, based on the valid account number; and (2) without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR ADMISSION NO. 16:**

Admit that plaintiff notified defendant that the Funds had been paid to an account that did not belong to RAD before the deadline for preserving its claim that Wells Fargo had wrongfully paid the Funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Objection: vague and ambiguous, particularly to the terms "deadline for preserving its claim"; irrelevant because, after Wells Fargo processed the wire using automated procedures based on the valid account number and without actual knowledge of any discrepancies, Wells Fargo had no obligation to attempt to retrieve funds. In fact, Wells Fargo would have been expressly prohibited by Financial Code section 1450 from retrieving/returning the funds to the originator (Plaintiff). See also *Venture General Agency, LLC v. Wells Fargo Bank, N.A.* (N.D. Cal) 2019 U.S.Dist. LEXIS 179291, at *11-12.

Subject to and without waiving the foregoing objection, Wells Fargo responds as follows: Wells Fargo admits that, on November 2, 2018, Wells Fargo learned the funds had been deposited in an account that was not held by RAD.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the account holder to which defendant paid the Wire was not the account holder to which plaintiff wired the Funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Deny.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Fraudulent Account was a personal account of an individual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Fraudulent Account was not a business account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Wells Fargo has no facts suggesting that the holder of the Fraudulent Account was the beneficiary of the payment order to implement the Wire Request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Objection: vague and ambiguous, particularly to the term "Wire Request," which does not appear to be a communication directed to or received by Wells Fargo.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follows: Deny.

DATED: December 23, 2019

SEVERSON & WERSON
A Professional Corporation

By: [signature]
LOREN W. COE

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation)

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On December 23, 2019, I served true copies of the following document(s): **DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE (1)** on the interested parties in this action as follows:

| | |
|---|---|
| Howard E. King, Esq.<br>Stephen D. Rothschild, Esq.<br>KING, HOLMES, PATERNO & SORIANO, LLP<br>1900 Avenue of the Stars, 25th Fl.<br>Los Angeles, CA 90067-4506 | Attorneys for Plaintiff GRAND BAYMAN BELIZE, LTD.<br><br>Telephone: (310) 282-8989<br>Facsimile: (310) 282-8903<br>Email: srothschild@khpslaw.com |

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL: By agreement of the parties or by court order**, I caused a copy of the document(s) to be sent from e-mail address lwc@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2019, at Irvine, California.

LOREN W. COE

# EXHIBIT 2

LOREN W. COE (State Bar No. 273124)
lwc@severson.com
ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as
Wells Fargo & Company, a Delaware corporation)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,

Plaintiff,

vs.

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 19-cv-07698 ODW (RAOx)
Hon. Otis D. Wright, II
Ctrm. 5D (1st St.)

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE (1)**

Action Filed: May 23, 2019
Removal Date: September 5, 2019
Trial Date: None Set

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation) ("Defendant") responds to Plaintiff GRAND BAYMAN BELIZE, LTD.'s ("Plaintiff") first set of Requests for Production as follows:

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All policies, procedures, manuals, instructions, memoranda, or other documents that set forth Wells Fargo's policies and procedures for processing payment orders including, but not limited to, for depositing funds in Wells Fargo accounts pursuant to such instructions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection: vague and ambiguous to the extent it is unclear if Plaintiff seeks policies and procedures concerning incoming and/or outgoing wires. For the same reason, to the extend Plaintiff requests all documents relating to procedures (including training manuals) for wiring funds from Wells Fargo customer accounts—rather than procedures relating to the receipt and processing of wires to Wells Fargo accounts, the request is overbroad and unduly burdensome and not relevant to any party's claim or defense, or proportional to the needs of the case (Fed. R. Civ. P. 26(b)). The request is also unlimited in time and scope.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive policies and procedures (from the relevant timeframe and relating to the receipt/processing of wire transfer orders) in its possession, custody or control subject to the parties entering into a protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All policies, procedures, manuals, instructions, memoranda, or other documents that set forth Wells Fargo's policies and procedures for confirming the

identities of persons who open individual checking or savings accounts at Wells Fargo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection: overbroad and unduly burdensome as to time and scope, making the request harassive; the information sought, which relates to the opening of Wells Fargo accounts rather than the processing of wire transfer orders, is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

**REQUEST FOR PRODUCTION NO. 3:**

All Writings, including, but not limited to, all electronic records, signature cards, account applications, account records, emails, correspondence, ledgers, account or other financial statements, cancelled checks, wire instructions, records of reserves, memoranda, interviews, witness statements, statements of employees, and all other documents that refer or relate to the Fraudulent Account or, if that is not the account to which Wells Fargo deposited the Funds, the account to which Wells Fargo did deposit the funds. (For purposes of these requests, (a)"Writing" includes all "writings," "recordings," "photographs," "originals" and "duplicates" as those terms are defined in Fed.R.Evid. 1001; (b) "Funds" means the funds referenced in the October 2, 2018, Caye International Bank, Ltd. Outgoing Wire Transfer Request to pay the sum of $226,991 from plaintiff's account to a Wells Fargo account held in the name of RAD Architecture, Inc.; and (c) the "Fraudulent Account" means Wells Fargo account number 201800156776.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection: vague and ambiguous, particularly to the definition of "Fraudulent Account" because the funds were deposited into Wells Fargo account x3420, not account number 201800156776; overbroad and unduly burdensome, making the request harassive; compound; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P.

26(b)); potentially invades the attorney-client privilege and/or work product doctrine; the account holder has objected to the disclosure of his/her personal and/or financial information, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Writings that Wells Fargo generated, sent, received or came into possession of that relate or refer to any investigations or inquiries it conducted concerning the Wire Request, the Wire Instructions, the Payment Order, the Funds, the Fraudulent Account, the holder of the Fraudulent Account, or plaintiff. (For purposes of these requests, (a) the "Wire Request" means the October 2, 2018, Caye International Bank, Ltd. Outgoing Wire Transfer Request to pay the sum of $226,991 from plaintiff's account to a Wells Fargo account held in the name of RAD Architecture, Inc.; (b) the "Wire Instructions" mean the form, document, or other electronic information that Wells Fargo received to implement the Wire Request; (c) the "Payment Order" means the payment order pursuant to which Wells Fargo deposited the Funds into the Fraudulent Account, and (d) the "Funds" means the funds referenced in the Wire Request, the Wire Instructions and the Payment Order.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection: vague and ambiguous, particularly as to the terms Fraudulent Account, Wire Request, Wire Instructions, and Payment Order; overbroad and unduly burdensome, making the request harassive; compound; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)); potentially invades the attorney-client privilege and/or work product doctrine; the account holder has objected to the disclosure of his/her personal and/or financial information, precluding Wells Fargo from producing

such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658). To the extent this interrogatory seeks information or documents that Wells Fargo is absolutely prohibited from producing under 31 U.S.C. § 5318(g), 31 C.F.R. § 1020.320(e), 12 C.F.R. § 21.11(k), including whether or not it filed a Suspicious Activity Report (SAR), Wells Fargo objects and declines to produce any such information or documents and declines to state whether or not any such information or documents exists.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: a diligent search and reasonable inquiry has been made in an effort to locate the item requested, but Wells Fargo is unable to comply because the document never existed.

**REQUEST FOR PRODUCTION NO. 5:**

All Writings that refer or relate to the Wire Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection: vague and ambiguous, particularly as to the term Wire Request.

Subject to and without waiving the foregoing instructions, and based on Wells Fargo's understanding that "Wire Request" refers to Plaintiff's instructions provided to its bank, Wells Fargo responds as follows: Wells Fargo does not have any responsive documents in its possession, custody or control because the "Wire Request" was not directed to Wells Fargo.

**REQUEST FOR PRODUCTION NO. 6:**

All Writings that refer or relate to the Wire Instructions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection: vague and ambiguous, particularly as to the term Wire Instructions; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 7:**

All Writings that refer or relate to the Payment Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection: vague and ambiguous, particularly as to the terms Payment Order; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 8:**

All Writings that refer or relate to the Funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection: vague and ambiguous; overbroad and unduly burdensome, making the request harassive; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

All Writings that refer or relate to the holder of the Fraudulent Account.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Objection: vague and ambiguous; overbroad and unduly burdensome as to time and scope, making the request harassive; potentially invades the attorney-client privilege and/or work product doctrine and third party privacy rights; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)).

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All Writings that refer or relate to RAD Architecture, Inc.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

Objection: overbroad as to time and scope (the request is not limited to the wire transfer in question or a particular account); vague and ambiguous; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, and based on Wells Fargo's understanding that the request seeks documents relating to the subject wire

transfer, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

All Writings that refer or relate to plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection: overbroad as to time and scope (the request is not limited to the wire transfer in question or a particular account); vague and ambiguous; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, and based on Wells Fargo's understanding that the request seeks documents relating to the subject wire transfer, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 12:**

All Writings that Wells Fargo contends show that it is not responsible to determine whether the name of the holder of accounts in which it deposits funds pursuant to a payment order bears any similarity to the name of the beneficiaries stated in the payment order or in any wire request or instructions associated with it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection: calls for legal analysis and legal conclusion; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce documents establishing that it processed the wire using automated procedures, without any human intervention, based on the Wells Fargo account number identified and without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR PRODUCTION NO. 13:**

All Writings that Wells Fargo contends show that it is not responsible to determine whether the account to which it is depositing funds pursuant to a payment order does not share an identical address as what may be provided with wire instructions or a payment order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection: calls for legal analysis and legal conclusion; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce documents establishing that it processed the wire using automated procedures without any human intervention based on the Wells Fargo account number identified and without actual knowledge of a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR PRODUCTION NO. 14:**

All Writings that Wells Fargo contends show that it is not responsible to determine whether the account to which it is depositing funds pursuant to a payment order is held by the beneficiary identified in the payment order or the wire instructions or request associated with it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection: calls for legal analysis and legal conclusion; duplicative of Request for Production No. 12; potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce documents establishing that it processed the wire using automated procedures without any human intervention based on the Wells Fargo account number identified and without actual knowledge of

a discrepancy between the intended beneficiary and account holder (Cal. Comm. Code § 11207(b)).

**REQUEST FOR PRODUCTION NO. 15:**

All Writings not otherwise responsive to these requests that refer or relate to the Wire Request, the Wire Instructions, the Payment Order, the Funds, the Fraudulent Account, or the holder of the Fraudulent Account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection: vague and ambiguous, particularly as to the terms Wire Request, Wire Instructions, and Payment Order; overbroad and unduly burdensome, making the request harassive; compound; violates third party privacy rights; some of the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)); potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All Writings that identify circumstances under which Wells Fargo policies or procedures dictate that it refuse to honor a payment order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection: overbroad as to time and scope; vague and ambiguous; the information sought is not relevant to any party's claim or defense and proportional to the needs of the case (Fed. R. Civ. P. 26(b)); potentially invades the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents for the relevant time period in its possession, custody or control subject to the parties entering into a protective order.

**REQUEST FOR PRODUCTION NO. 17:**

All Writings that support Wells Fargo's responses to plaintiffs first set of interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 18:**

All Writings that contain information that Wells Fargo reviewed to respond to plaintiff's first set of interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 19:**

All Writings that Wells Fargo contends support its denial of the allegations in plaintiffs complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 20:**

If Wells Fargo's responses to any of the requests for admission served herewith is anything but an unqualified admission, all Writings that support such responses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 21:**

All Writings that Wells Fargo contends support the denial in its answer to plaintiffs complaint that Plaintiff has been damaged in the amounts alleged, or in any other amount or amounts, or at all, by reason of any act or omission on the part of Defendant, or any of its agents, servants, or employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 22:**

All Writings that Wells Fargo contends support its first affirmative defense that "[p]laintiff, by reason of its knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 23:**

All Writings that Wells Fargo contends support its second affirmative defense, that "[a]ny and all activities of Defendant alleged in the Complaint were conducted with Plaintiffs consent, and Defendant is therefore free from actionable fault."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 24:**

All Writings that Wells Fargo contends support its third affirmative defense, that "[e]ach of the acts attributed to Defendant, as alleged by Plaintiff in the Complaint, was acquiesced in and/or ratified by, participated in and/or consented to by Plaintiff and/or its agents."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 25:**

All Writings that Wells Fargo contends support its fourth affirmative defense, that "[p]laintiff is at fault with respect to the matters alleged in the Complaint, and Plaintiffs recovery, if any, should be barred or reduced in proportion to their comparative fault."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its

possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 26</u>:**

All Writings that Wells Fargo contends support its fifth affirmative defense, that "[i]f Plaintiff was damaged, the damage was caused, in part or in whole, by the acts or omissions of independent third parties, not Defendant."

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26</u>:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**<u>REQUEST FOR PRODUCTION NO. 27</u>:**

All Writings that Wells Fargo contends support its sixth affirmative defense, that "[p]laintiffs causes of action, or some of them, are displaced by the Uniform Commercial Code."

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 27</u>:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or

financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 28:**

All Writings that Wells Fargo contends support its seventh affirmative defense, that "[p]laintiff assumed the risk of the matters referred to in the Complaint, that Plaintiff knew and appreciated the nature of the risk, and that Plaintiff voluntarily accepted the risk."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 29:**

All Writings that Wells Fargo contends support its eighth affirmative defense, that "[d]efendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit, including, but not limited to Cal. U. Com. Code§ 11207(b), preclude its liability to Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or

financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 30:**

All Writings that Wells Fargo contends support its ninth affirmative defense, that "[p]laintiff assumed the risk of the matters referred to in the Complaint, that Plaintiff knew and appreciated the nature of the risk, and that Plaintiff voluntarily accepted the risk."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection: seeks confidential information of a third party.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo will produce responsive documents in its possession, custody or control. However, Wells Fargo is unable to comply to the extent the request seeks documents that include the accountholder's personal and/or financial information because accountholder objected to such disclosure, precluding Wells Fargo from producing such information absent a court order (*Valley Bank of Nev. v. Sup.Ct.* (1975) 15 Cal. 3d 652, 658).

**REQUEST FOR PRODUCTION NO. 31:**

All Writings that support any affirmative defense that Wells Fargo intends to assert but did not identify in its answer to the complaint, as stated in its tenth affirmative defense.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection: vague and ambiguous.

Subject to and without waiving the foregoing instructions, Wells Fargo responds as follows: Wells Fargo is not aware of any responsive documents supporting affirmative defenses that have not yet been asserted.

DATED: December 23, 2019

SEVERSON & WERSON
A Professional Corporation

By: [signature]
LOREN W. COE

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation)

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On December 23, 2019, I served true copies of the following document(s): **DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE (1)** on the interested parties in this action as follows:

| | |
|---|---|
| Howard E. King, Esq.<br>Stephen D. Rothschild, Esq.<br>KING, HOLMES, PATERNO & SORIANO, LLP<br>1900 Avenue of the Stars, 25th Fl.<br>Los Angeles, CA 90067-4506 | Attorneys for Plaintiff GRAND BAYMAN BELIZE, LTD.<br><br>Telephone: (310) 282-8989<br>Facsimile: (310) 282-8903<br>Email: srothschild@khpslaw.com |

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL: By agreement of the parties or by court order**, I caused a copy of the document(s) to be sent from e-mail address lwc@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2019, at Irvine, California.

LOREN W. COE

# EXHIBIT 3

Consumer Account Application

## Customer 1 Information

| | |
|---|---|
| Customer Name: [redacted] | Street Address: 118 N 1ST ST |
| Customer Number (ECN): [redacted] | Address Line 2: |
| Account Relationship: Sole Owner | Address Line 3: |
| Taxpayer Identification Number (TIN): [redacted] TIN Type: SSN Date of Birth: [redacted] | City: [redacted] State: [redacted] |
| Primary ID Type: [redacted] Primary ID Description: [redacted] | ZIP/Postal Code: [redacted] Country: [redacted] Time at this address: Year(s) Month(s) |
| Primary ID St/Ctry/Prov: [redacted] Primary ID Issue Date: [redacted] Primary ID Expiration Date: [redacted] | Directional Address: *(Document when no physical residence, business or alternate street address.)* |
| Secondary ID Type: [redacted] Secondary ID Description: [redacted] | |
| Secondary ID State/Country: Secondary ID Issue Date: Secondary ID Expiration Date: | Previous Street Address: |
| Home Phone: [redacted] Business Phone: | City: State: |
| Current Employer: [redacted] | ZIP/Postal Code: Country: Time at this address: Year(s) Month(s) |
| Check Reporting: [redacted] | Country of Citizenship: US |
| Customer Status: Customer present | |

## Customer Signatures

Everything I have stated in this application is correct. You are authorized to make any inquiries that you consider appropriate to determine if you should open or maintain the account. This may include ordering a credit report or other report (i.e. information from any motor vehicle department or other state agency) on me. **I have received a copy of the applicable account agreement and the privacy policy (each may be amended from time to time) and agree to be bound by their terms.** I also agree to the terms of the dispute resolution program described in the foregoing agreements. **Under the dispute resolution program, our disputes will be decided before one or more neutral persons in an arbitration proceeding and not by a jury trial or a trial before a judge.**

Customer 1 Name
[redacted]

Customer 1 Signature
[redacted]

☐ Submit manually
☐ Signature not required

Date: 08/10/2018

[redacted]



**GRAND BAYMAN - WF 0003**

# Wells Fargo Everyday Checking

Account number: [redacted]3420 ■ October 11, 2018 - November 9, 2018 ■ Page 1 of 3

WELLS FARGO

[redacted]

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-TO-WELLS** (1-800-869-3557)

*TTY:* 1-800-877-4833

*En español:* 1-877-727-2932

華語 1-800-288-2288 *(6 am to 7 pm PT, M-F)*

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (347)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.*

| | | | |
|---|---|---|---|
| Online Banking | ☑ | Direct Deposit | ☐ |
| Online Bill Pay | ☐ | Auto Transfer/Payment | ☐ |
| Online Statements | ☑ | Overdraft Protection | ☐ |
| Mobile Banking | ☑ | Debit Card | |
| My Spending Report | ☑ | Overdraft Service | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 10/11 | [redacted] |
| Deposits/Additions | |
| Withdrawals/Subtractions | |
| **Closing balance on 10/17** | **$0.00** |

Account number: [redacted]3420

**JULIETA P AQUINO**

*New Jersey account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): [redacted]

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

# Wells Fargo Everyday Checking

Account number: [redacted]3420 ■ September 13, 2018 - October 10, 2018 ■ Page 1 of 3

WELLS FARGO

[redacted]

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-TO-WELLS** (1-800-869-3557)

*TTY:* 1-800-877-4833
*En español:* 1-877-727-2932
華語 1-800-288-2288 *(6 am to 7 pm PT, M-F)*

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (347)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.*

| | | | |
|---|---|---|---|
| Online Banking | ☑ | Direct Deposit | ☐ |
| Online Bill Pay | ☐ | Auto Transfer/Payment | ☐ |
| Online Statements | ☑ | Overdraft Protection | ☐ |
| Mobile Banking | ☑ | Debit Card | |
| My Spending Report | ☑ | Overdraft Service | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 9/13 | [redacted] |
| Deposits/Additions | |
| Withdrawals/Subtractions | |
| **Ending balance on 10/10** | [redacted] |

Account number: [redacted]3420
**JULIETA P AQUINO**
*New Jersey account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN): [redacted]

**Overdraft Protection**
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

# EXHIBIT 4

No Documents Were Found In These Sources

Permissible Uses and FCRA Disclaimer
Permissible Uses

## Possible People Information

### Person Overview

**JULIETA P AQUINO**

118 N 1ST ST
BERGENFIELD, NJ 07621-1811 | BERGEN County

**Phone Number(s):**
201-387-1660
201-384-1925
201-289-7515

**SSN:**
132-82-XXXX - issued in NY in 1994-1996

**DOB:**
06/XX/1971 (Age: 48)

**Spouse/Close Association:**
GUILLERMA




### Date of Birth Summary

| Date of Birth | Source |
|---|---|
| 02/1971 (Age: 48) | Experian Credit Header Real Time \| People Find \| People Historical \| People Household #1 \| People Household #2 \| People Household #3 \| People Household #4 \| People Household #5 \| People Household #6 |
| 06/XX/1971 (Age: 48) | Experian Credit Header \| Experian Credit Header Real Time |

### SSN Summary

| SSN | Source |
|---|---|
| 132-82-XXXX - issued in NY in 1994-1996 | Equifax Credit Header \| Experian Credit Header \| Experian Credit Header Real Time \| People Find #1 \| People Find #2 \| People Historical \| Utility #1 \| Utility #2 \| Utility #3 \| Utility #4 \| Utility #5 |

### Name Variations

| Name | Source |
|---|---|
| JULIETA AQUINO | Experian Credit Header \| Experian Credit Header Real Time \| Liens and |


The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

# EXHIBIT 5

Oct 02 18 04:54p Georgetown 2262497 p.3

CAYE International Bank Ltd.

2373 28 + 118 245,491 45 ok!

# Outgoing Wire Transfer Request

| Day | Month | Year |
|---|---|---|
| 2nd | October | 2018 |

**50. Ordering Customer Information**

Account Number and Currency*: 12682 USD

Account Name*: Grand Bayman Belize, Ltd.-Oceanfront

Indemnity Password/Authorized Code*:

Telephone Number*: (501) 226-3569

Authorized Signature/(s)*: [signature]

**Payment Information**

Ordering amount & currency*: $226,991.45 USD

**If sending funds other than the currency of the ordering account, please check here to authorize conversion:**

☐ Please convert funds from my account and send the ordering amount and currency as stated above.

**WIRE INSTRUCTIONS:**

**Beneficiary Bank Information**

SWIFT Code/ABA/Routing*: Swift: WFBIUS6S Routing #: 121 000248

Bank Name*: Wells Fargo Bank

Physical Address*: 420 Montgomery Street

City & State*: San Francisco, California 94104 Country*: USA

**Beneficiary Customer Information**

Account Number*: Account #: 28490 73420

Account Name & Date of Birth if Personal Account*: RAD Architecture, Inc.

Physical/Operating Address (No P.O. Box)*: 117 NW 42 Ave., #CU-2

City & State*: Miami, FL 33126 Country*: USA

**Reason for Payment*** Funds represent payment for Architecture Phase (Retainer, Charrette/Concept, Schematic Design) & Disbursements Category (Airfare, Hotel, Meal, Taxi)

**Intermediary Bank Information (if applicable)**

SWIFT Code/ABA/ Routing:

Bank Name:

Physical Address:

City & State: Country:

COMPLIANCE APPROVED

03/10/18

Note:

1. All sections indicated by asterisk (*) are required for wire transfer request to be processed.
2. All wire transfers requests received by Caye International Bank, Ltd. before 2pm EST will be processed the same day. If received after 2pm EST it will be processed the following business day.
3. Kindly allow 2 to 5 business days for funds to be credited to beneficiary account.

October 31, 2018

GBRAD Architecture